**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-00983-DDD

MARLON MIRANDA FERRER,

     Petitioner,

v.

DIRECTOR AURORA ICE PROCESSING CENTER,

     Respondent.

---

### ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Marlon Miranda Ferrer, proceeding pro se,[1] seeks a writ of habeas corpus directing his release from immigration detention. Doc. 1. For the following reasons, the petition is denied.

### BACKGROUND[2]

The petitioner is a native and citizen of Cuba. Doc. 1 at 2. On September 11, 2023, he applied for admission to the United States at the Miami International Airport. Doc. 14-1 at 2 ¶ 5 (Declaration of Dakota Jackson, Deportation Officer for the U.S. Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations Denver Field Office). DHS paroled him into the

---

[1]   I must construe the petitioner's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

[2]   In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

United States until September 9, 2025. *Id*. ¶ 6. On October 15, 2024, the petitioner filed a Form I-485, Application to Register Permanent Residence or Adjust Status, with U.S. Citizenship and Immigrations Services. *Id*. ¶ 7. The petitioner's application for adjustment is based on eligibility under the Cuban Adjustment Act of 1966 (CAA), Pub. L. 89-732. *Id*.

The petitioner remained in the United States after his period of parole expired on September 9, 2025. *Id*. ¶¶ 6, 8. On November 9, 2025, a Pinellas County law enforcement officer encountered the petitioner after conducting a vehicle stop for speeding. *Id*. ¶ 9. The officer determined that the petitioner is subject to removal from the United States, and the petitioner was arrested and detained pending resolution of removal proceedings. *Id*. ¶ 10. The petitioner was transferred to the ICE contract detention facility in Denver on December 2, 2025. *Id*. ¶ 12.

On December 2, 2025, USCIS paused the processing of all pending immigration benefits for certain foreign nationals who are citizens of certain countries listed in the June 2025 travel ban issued by the federal government, including Cuba. *Id*. at 3 ¶ 13. On December 3, 2025, DHS issued a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a before the Executive Office for Immigration Review. *Id*. ¶ 14. The Notice to Appear charged the petitioner with being inadmissible to the United States pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I) (immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document). *Id.* The petitioner was served with the Notice to Appear via the internal mail system at the Denver contract detention facility. *Id.*

On December 16, 2025, DHS filed a Form I-261, Additional Charges of Inadmissibility/Deportability. *Id*. ¶ 15. The Form I-261 amended the

Notice to Appear to classify the petitioner as an arriving alien and contained allegations supporting the classification and the charge of inadmissibility. *Id.*

At a December 16, 2025, master calendar immigration hearing, the petitioner appeared with counsel, admitted the allegations, and conceded removability. *Id.* ¶ 16. The petitioner moved to terminate removal proceedings, and DHS opposed the motion. *Id.* On December 21, 2025, the Immigration Judge granted the petitioner's motion to terminate proceedings and set an appeal deadline of January 13, 2026. *Id.* ¶ 17. DHS filed an appeal to the Board of Immigration Appeals on January 14, 2026. *Id.* at 3-4 ¶ 18. On February 17, 2026, the petitioner filed a motion to summarily dismiss the appeal as untimely filed, and DHS filed an opposition to the motion on February 26, 2026, arguing that the IJ improperly abbreviated the time allotted to file an appeal. *Id.* at 4 ¶¶ 19-20. DHS filed its brief on appeal on March 25, 2026. *Id.* ¶ 22. On April 2, 2026, the petitioner filed a motion to summarily dismiss the appeal or, in the alternative, an opposition to the appeal and request for summary affirmance of the IJ's decision. *Id.* ¶ 23. The petitioner remains detained pending a ruling by the BIA on the appeal of the IJ's decision to terminate removal proceedings. *Id.* ¶ 24. The petitioner is not subject to a final order of removal. Doc. 1 at 2.

In his present habeas application, the petitioner asserts a single Fifth Amendment due-process claim on the basis that his detention is unreasonably prolonged, that he poses no danger or flight risk, that he has a viable path to lawful permanent residence, and that the Government's interest in detention is minimal compared to his liberty interest. Doc. 1 at 3. He seeks release or, alternatively, a bond hearing within seven days. *Id.* at 5. In response, the respondent argues that the petitioner is an applicant for admission subject to mandatory detention

under 8 U.S.C. § 1225(b)(1) and thus not entitled to bond or release while proceedings are pending, and that his detention does not violate due process. Doc. 14 at 5-8.

**APPLICABLE LAW**

## I.   Habeas Corpus

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## II.  Statutory Framework Governing Immigration Detention

While removal proceedings are being adjudicated, a noncitizen may be detained pursuant to either 8 U.S.C. § 1225 or 8 U.S.C. § 1226. *See Jennings v. Rodriguez*, 583 U.S. 281, 287-89 (2018).

Section 1225 applies to "applicants for admission," which the statute defines as an "alien present in the United States who has not been admitted or who arrives in the United States[, ]whether or not at a designated port of arrival."[3] 8 U.S.C. § 1225(a)(1). "Admitted" and

---

[3]   The statutory phrase "alien . . . who arrives in the United States" is broader than the regulatory definition of "arriving alien," which is "an applicant for admission coming or attempting to come into the United States at a port-of-entry." 8 C.F.R. §§ 1.2, 1001.1(q); *In re Q. Li*, 29

"admission" mean "the lawful entry of [an] alien into the United States after inspection and authorization by an immigration officer," 8 U.S.C. § 1101(a)(13)(A), not simply physical entry into the country. *See United States v. Gaspar-Miguel*, 947 F.3d 632, 633-34 (10th Cir. 2020) (discussing history of Immigration and Nationality Act and distinction between "entry" and "admission").

Under Section 1225(b)(1), applicants for admission "arriving in the United States" and applicants for admission who have not been paroled into the United States and have not been present in the country for at least two years are subject to expedited removal proceedings if an immigration officer determines they are inadmissible on certain grounds, and they may be ordered removed "without further hearing or review" unless they demonstrate a credible fear of persecution. 8 U.S.C. § 1225(b)(1)(A)-(B); *see also DHS v. Thuraissigiam*, 591 U.S. 103, 107-11 (2020). Applicants for admission in expedited removal proceedings are subject to mandatory detention while those proceedings are pending. 8 U.S.C. § 1225(b)(1)(B)(ii) & (iii)(IV); *see also Jennings*, 583 U.S. at 302; *Thuraissigiam*, 591 U.S. at 111.

Under Section 1225(b)(2), in the case of all other applicants for admission, "if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted," the alien is subject to mandatory detention during the pendency of standard removal proceedings under Section 1229a. 8 U.S.C. § 1225(b)(2)(A); *see also Jennings*, 583 U.S. at 287 (Section 1225(b)(2) "serves as a catchall provision that applies to all applicants for admission not covered by § 1225(b)(1)"); 8 C.F.R. § 235.3(b)(1)(ii) ("An alien

---

I. & N. Dec. 66, 68 n.2 (B.I.A. 2025). The terms "alien" and "noncitizen" are synonymous. *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

who was not inspected and admitted or paroled into the United States but who . . . has been . . . physically present in the United States for [two years] shall be detained in accordance with section [1225(b)(2)] for a proceeding under section [1229a].").

Noncitizens subject to mandatory detention under Section 1225(b)(1) or (b)(2) may be released on "humanitarian" parole in the discretion of the Secretary of Homeland Security, but they are not entitled to a bond hearing before an immigration judge. *See* 8 U.S.C. § 1182(d)(5)(A) (Secretary may "parole into the United States . . . on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission"); *Biden v. Texas*, 597 U.S. 785, 806-07 (2022) (discussing humanitarian parole); *Jennings*, 583 U.S. at 297-98, 300 (no bond hearing).

On the other hand, Section 1226(a) applies to noncitizens arrested "[o]n a warrant," who may then be "detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The group of noncitizens who may be arrested and detained under Section 1226(a) is not limited to applicants for admission. Noncitizens who have been admitted to the United States but are removable on various grounds—for example, an alien who was admitted on a visa that has since been revoked, or a lawful permanent resident who is convicted of certain crimes—may be arrested under Section 1226(a) and placed in removal proceedings under Section 1229a. *See* 8 U.S.C. § 1227(a) (defining classes of admitted deportable aliens). Except for certain criminal aliens, noncitizens who are arrested and detained under Section 1226(a) are entitled to a bond hearing before an immigration judge and may be released on bond or "conditional" parole. 8 U.S.C. § 1226(a) & (c); 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also Jennings*,

583 U.S. at 306; *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 & n.2 (2021).

## DISCUSSION[4]

### I. The petitioner is subject to mandatory detention under Section 1225(b).

The respondent contends that "after his parole expired, Petitioner was back to the same status he was at the port of entry: as an applicant for admission subject to mandatory detention under § 1225(b)(1)." Doc. 14 at 7. I agree. Applicants for admission may be temporarily released on parole "for urgent humanitarian reasons or significant public benefit." 8 U.S.C. § 1182(d)(5)(A). However, parole "shall not be regarded as an admission of the alien," and when the purpose of the parole has been served, "the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." *Id.* Thus, "when the petitioner's parole [expired], he 'returned to his status of "applicant for admission" or "arriving alien" pursuant to statute.'" *Perez Rivas v. Baltazar*, No. 1:25-cv-03981-DDD-CYC, slip op. at 10-11 (D. Colo. June 15, 2026), ECF No. 15 (quoting *Depelian v. Baltazar*, No. 1:25-cv-03765-SKC-TPO, slip op. at 8 (D. Colo. Jan. 20, 2026), ECF No. 18); *accord Fuenmayor v. Mullin*, — F. Supp. 3d —, No. 1:26-cv-00622-MIS-LF, 2026 WL 963297, at *5 (D.N.M. Apr. 9, 2026); *Flores Diaz v. Mullin*, No. 2:26-cv-00639-KWR-JHR, 2026 WL 1481585, at *2 to *15 (D.N.M. May 27, 2026); *Chirinos Chirinos v. Tindell*, No. 3:25-CV-789-CHB, 2026 WL 926941, at *10 to *13 (W.D. Ky. Apr. 6, 2026); *Arcos Tasigchana v. Soto*, No. 25-

---

[4]  Because the relevant facts are not in dispute and the petitioner's challenge to detention is fundamentally legal in nature, I have determined that a hearing is not necessary in this case.

18252 (ZNQ), 2026 WL 266170, at \*1 to \*2 (D.N.J. Feb. 2, 2026); *De La Torre v. Lyons*, No. 1:25-cv-01516-DJC-CSK, 2025 WL 3704448, at \*2 (E.D. Cal. Dec. 22, 2025); *Villanueva v. Chestnut*, No. 1:25-cv-01218-KES-HBK (HC), 2025 WL 2996559, at \*3 to \*4 (E.D. Cal. Oct. 24, 2025); *Q. Li*, 29 I. & N. Dec. at 70.

Although the petitioner asserts that he is "detained under 8 U.S.C. § 1226(a)," Doc. 1 at 2, he provides no factual or legal support for this statement, and in his reply brief he offers no counter to the respondent's assertion that he is detained under Section 1225(b), *see* Doc. 16. Instead, he states that "[t]his case is not solely about statutory detention authority," and argues that his "prolonged detention without an individualized custody determination violates procedural and substantive due process protections guaranteed under the United States Constitution." *Id.* at 2. I disagree with the petitioner's contention that his detention violates due process, for the reasons that follow.

## II. The petitioner's detention does not violate procedural due process.

The petitioner claims that his continued detention "violates the Fifth Amendment Due Process clause" because it "has become unreasonably prolonged, there is "no demonstrated danger to the community" or "flight risk," there is "a viable path to lawful permanent residence," and the "Government's interest in detention is minimal compared to [the petitioner's] liberty interest." Doc. 1 at 3. He asserts that "[u]nder Respondents' theory, individuals detained under § 1225(b) could remain incarcerated for prolonged periods without any individualized hearing regardless of the duration of detention or the lack of necessity for continued confinement." Doc. 16 at 5.

To the extent the petitioner asserts a violation of his procedural due process rights based on his lack of a bond hearing, the claim fails. The

Due Process Clause does not provide applicants for admission, such as the petitioner, a liberty interest in being released from immigration detention as a matter of procedural due process. *Sierra*, 258 F.3d at 1218 & n.3 (citing *Ho v. Greene*, 204 F.3d 1045, 1060 & n.9 (10th Cir. 2000), *abrogated in part on other grounds by Zadvydas*, 533 U.S. 678); *accord Thuraissigiam*, 591 U.S. at 139-40 (applicants for admission, "even those paroled elsewhere in the country for years pending removal," are "'treated' for due process purposes 'as if stopped at the border'" (quoting *Shaughnessy v. United States ex rel. Mezei*, 345 U.S. 206, 215 (1953))); *Gisbert v. U.S. Att'y Gen.*, 988 F.2d 1437, 1440, 1443 (5th Cir. 1993) ("Because petitioners' interests [under Section 1182(d)(5)(A)] are contingent upon the Attorney General's discretion, they have no liberty interest in being paroled."), *amended by* 997 F.2d 1122 (5th Cir. 1993).

Such applicants for admission are "entitled only to the process Congress has conferred on [them] by statute." *Bonilla Espinoza v. Ceja*, No. 1:25-cv-01120-GPG, slip op. at 13 (D. Colo. May 21, 2025), ECF No. 11 (citing *Mezei*, 345 U.S. at 212; *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 544 (1950); *Sierra*, 258 F.3d at 1218); *accord Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1292-93 (10th Cir. 2001) (beyond basic right to "fundamental fairness" of removal proceedings, "any alleged liberty interest must be created by statute or regulation"). This does not mean they have no due process rights, but "rather, the applicable statutory process shapes [their] procedural due-process rights." *Gonzalez Aguilar v. Wolf* (*Gonzalez Aguilar II*), 448 F. Supp. 3d 1202, 121 (D.N.M. 2020).

The humanitarian parole statute requires that parole be terminated "when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served." 8 U.S.C. § 1182(d)(5)(A). The governing regulation provides that "[p]arole shall be automatically

terminated without written notice . . . at the expiration of the time for which parole was authorized, and . . . the alien shall be processed," and "[a]ny further inspection or hearing shall be conducted under [8 U.S.C. § 1225 or 1229a]." 8 C.F.R. § 212.5(e)(1)-(2). Thus, when the petitioner's parole expired on September 9, 2025, Doc. 14-1 at 2 ¶¶ 6, 8, it automatically terminated with no written notice required, 8 C.F.R. § 212.5(e)(1). That is all the process to which he was entitled. *See Sierra*, 258 F.3d at 1218-20 ("[w]hatever the procedure authorized by Congress is, it is due process as far as an alien denied entry is concerned," and procedural due process was satisfied where "[n]either the statutes nor the governing regulations require[d] a hearing on parole withdrawal"); *cf. Singh v. Baltazar* (*Lovepreet Singh*), No. 1:26-cv-01076-DDD-TPO, 2026 WL 1282828, at \*6 (D. Colo. May 11, 2026) (no procedural due-process violation where "petitioner does not argue that the applicable regulatory process was not followed in his case, *i.e.*, that his release was not revoked by one of the designated officials" in the conditional parole regulation).

Once again, noncitizens detained under Section 1225(b) have no right to a bond hearing before an immigration judge. *See Jennings*, 583 U.S. at 297-98, 300. Any procedural due-process claim fails on this basis.

## III. The petitioner's detention does not violate substantive due process.

With respect to any substantive due process claim, this and other courts have previously explained that mandatory detention under Section 1225(b) during the pendency of removal proceedings does not violate noncitizens' substantive due-process rights, absent some unreasonable delay by the government in pursuing and completing those proceedings. *See Lovepreet Singh*, 2026 WL 1282828, at \*5; *Perez Rivas*, slip op. at 14-15; *Argueta Andrade v. Baltazar*, No. 1:25-cv-01983-DDD-TPO, slip op. at 4-6 & n.3 (D. Colo. June 2, 2026) (collecting cases); *Melgar*

*Hernandez v. Blanche*, No. 1:26-cv-00600-DDD-STV, slip op. at 12 (D. Colo. Apr. 29, 2026), ECF No. 13; *Valle-Rodriguez v. Hagan*, No. 1:26-cv-00609-DDD-CYC, slip op. at 14-15 & n.14 (D. Colo. Apr. 22, 2026), ECF No. 11 (collecting cases); *Singh v. Blanche* (*Gurmeet Singh*), No. 1:26-cv-00421-DDD-KAS, slip op. at 15-16 & n.12 (D. Colo. Apr. 15, 2026), ECF No. 12 (same).

Here, the petitioner has been detained for approximately seven months. He has not demonstrated that there have been any unreasonable delays in his removal proceedings. *See, e.g.*, *Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024) ("back-and-forth rulings, plus general administrative backlogs, [which] were to blame for [the petitioner's] lengthy detention" did not "turn otherwise legal detention into unconstitutional punishment"); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *7 to *9 (D. Colo. June 12, 2025) (thirty-two-month detention under Section 1225(b) did not violate substantive due process); *Gonzalez Aguilar v. McAleenan* (*Gonzalez Aguilar I*), No. 19-cv-0412 WJ/SMV, 2019 WL 5864821, at *11 (D.N.M. Nov. 8, 2019) (R. & R.) (petitioner not likely to succeed on substantive due-process claim based on twenty-seven-month detention under Section 1225(b)), *adopted sub nom. Gonzalez Aguilar v. Wolf* (*Gonzalez Aguilar II*), 448 F. Supp. 3d 1202; *Rodriguez Figueroa v. Garland*, 535 F. Supp. 3d 122, 127-28 (W.D.N.Y. 2021) (over thirty-two-month detention under Section 1225(b) did not violate substantive due process). The petitioner has failed to establish a substantive due-process violation.

For these reasons, the petitioner is not entitled to habeas relief in this action. Therefore, the petition will be denied.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 6, is **DISCHARGED**, and the Application for a Writ of Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

The petitioner's Motion for Immediate Release Pending Resolution of Habeas Petition, **Doc. 3**, and Motion to Preserve Jurisdiction and Prevent Transfer, **Doc. 4**, are **DENIED AS MOOT**; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: June 26, 2026        BY THE COURT:

Daniel D. Domenico
Chief United States District Judge